UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EDWIN L. FISHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11-cv-00360-JAW |
| | ) | |
| MAINE, STATE OF, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION**

Edwin Fisher has filed a petition pursuant to 28 U.S.C. § 2254 seeking relief from his

state court conviction for gross sexual assault. In spite of repeated opportunities to clarify or

amend his petition, Fisher has provided this court with precious little information about the status

of his case or the federal constitutional issues he is trying to raise in this court. I have ordered

the State of Maine to supplement the record by providing me with docket entries of the

proceedings in the state courts. As best I can understand Fisher's case, he filed an initial post-

conviction petition in state court following his conviction after a jury trial. That petition was

limited to reinstating his right to direct appeal. After he was granted relief, he took a direct

appeal raising primarily sufficiency of the evidence issues. His appeal was denied on July 28,

2011. Fisher then wrote to the Supreme Judicial Court seeking three forms of relief: (1) to

appeal from the denial of his original direct appeal, (2) post-conviction review, and (3)

appointment of counsel. On September 21, 2011, Justice Levy, Associate Justice of the Supreme

Judicial Court, entered a docket entry order informing Fisher that his request that the Law Court

review its own decision was dismissed for want of prosecution and the other two matters would

have to be addressed in the Superior Court in the first instance. Rather than follow that order,

Fisher filed these letter petitions with this court. Of course, in both this court and the state court

Fisher faces very strict statutes of limitation and he must act promptly to comply with those statutes and also with various court orders.

Based on the extremely limited information before this court, I now recommend that this matter be expeditiously dismissed without prejudice. Fisher should file his second post-conviction in the state trial court as directed by the single justice of the Supreme Judicial Court in the docket entry order of September 21, 2011, if he wishes to properly exhaust his post-conviction claims in state court before filing in this court. See 28 U.S.C. § 2254(b)(1)(A). Following the conclusion of the state court process, if there is a fully exhausted federal claim which Fisher wishes to pursue in this court, he should promptly, see 28 U.S.C. § 2244(d)(1),(2), refile his petition with this court on the appropriate forms and clearly indicate the grounds he is raising in this court.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 30, 2011